SARTAIN, Judge.
This is an appeal by defendant from a summary judgment rendered in favor of the plaintiff decreeing the return with interest of certain funds paid by plaintiff under protest as a gift tax. The essential facts of the case are not in dispute and the only real question presented is whether plaintiff was entitled to judgment as a matter of law.
Plaintiff’s husband, Samuel T. Alcus, Jr., died testate July 25, 1965. In his will the decedent bequeathed to the plaintiff two legacies. One legacy consisted of one-half of his separate property and the other legacy was a usufruct for life over an additional one-sixth of his separate property and over all of his community property. The naked ownership of the one-sixth of *825 the separate property and of the share of the community property subject to the plaintiff’s usufruct was bequeathed to the children of decedent’s son, Samuel T. Al-cus, III, in trust. Decedent’s son was named the income beneficiary of the trust.
On July 19, 1966 plaintiff executed a notarial act whereby she renounced the legacy of the usufruct over one-sixth of the decedent’s separate property and over all of his community property. Plaintiff subsequently accepted the legacy of one-half of the decedent’s separate property.
The State of Louisiana assessed a gift tax under authority of R.S. 47:1201 et seq. for the year 1966 based on the value of the renounced usufruct. The tax, in the amount of $4,359,00, was paid April 1, 1971.
On April 21, 1971 plaintiff filed this suit for refund of the gift tax paid. Following the disposition of various procedural questions not at issue on this appeal, plaintiff filed a motion for summary judgment in January, 1973. After hearing on January 22, 1973, judgment was rendered in favor of plaintiff. The trial court stated in oral reasons for judgment that the renunciation of the usufruct by plaintiff did not constitute a donation to the naked owners taxable as a gift.
Defendant contends that the trial court erred in holding the renunciation of the usufruct not subject to the gift tax. Defendant argues that plaintiff’s acceptance of the legacy of one-half of the decedent’s separate property should be deemed an acceptance of both legacies and thus, her attempted renunciation of the usufruct amounted to a donation of the usufruct to the naked owners taxable as a gift.
In support of this contention defendant cites C.C. Article 986, which provides as follows:
“Art. 986. He who has the power of accepting the entire succession, cannot divide and only accept a part.”
In addition, C.C. Article 994 provides that all acts of ownership which can only be done by a person called to the succession as an heir presuppose his acceptance of the succession. C.C. Article 1002 provides that an heir who donates, sells or assigns his rights to a stranger or to his co-heir is deemed to have accepted the succession.
Plaintiff contends that the above mentioned codal provisions, when applied in a testate succession, should be read to mean that anyone who attempts to accept only a part of one legacy and renounce another part of the same legacy should be deemed to have accepted that entire legacy, but that the acceptance of one particular legacy should not be deemed as an acceptance of another legacy previously renounced.
We note initially that C.C. Article 976 provides that all of the rules relating to acceptance and renunciation of successions are applicable to both intestate and testate successions. In addition, there was no corresponding article in either the Code Napoleon or the Civil Code of 1808 for Article 986 of our present Civil Code. Article 986 was added in the Code of 1825 without comment by the redactors. Our research has revealed no litigation concerning the interpretation of that article at issue herein.
However, in support of her contention that a legatee can renounce one legacy and accept another plaintiff cites the case of Succession of Tertrou, 217 La. 901, 47 So.2d 681 (1950). In that case the decedent’s will contained a particular legacy and a residual legacy to one legatee. The legatee renounced its particular legacy but accepted the residual legacy. In holding that the particular legacy passed to the legal heirs under C.C. Article 1017 the court did not mention the validity of the renunciation of one legacy and the later acceptance of another legacy by the same legatee, but apparently accepted the procedure as perfectly valid.
While the Tertrou case and a reading of C.C. Article 986 as a corollary of C.C. Ar- *826 tide 994 in a testare situation seems to indicate that a legatee may renounce one legacy and later accept another distinct legacy, the real issue presented in the instant suit is whether the renunciation of a usu-fruct constitutes a donation to the naked owner taxable as a gift under L.R.S. 47 :- 1201, et seq.
L.R.S. 47:1201 provides as follows :
“A tax is hereby imposed for the calendar year 1950 and each calendar year thereafter upon the transfer during such calendar year by any person, resident or nonresident, of property by gift.
“The tax shall apply whether the transfer is in trust or otherwise, whether the gift is direct or indirect, and whether the property is movable or immovable, and corporeal or incorporeal. The tax hereunder shall apply to all such transfers made after December 31, 1949.”
The term “gift” is defined in L.R.S. 47:1202 to mean “. . . donations inter vivos, real or disguised, and transfers for an inadequate consideration. . .
Defendant contends that the renunciation of the usufruct by plaintiff was an act of transfer which had the effect of placing the full ownership of the property in the naked owners and as such was a taxable gift under the above statutes.
It is well settled that tax laws are to be liberally interpreted in favor of the taxpayer and strictly construed against the taxing authority and any doubt or ambiguity must be resolved in favor of the taxpayer. United Gas Corporation v. Fontenot, 241 La. 564, 129 So.2d 776 (1961); Collector of Revenue v. Mossier Acceptance Co., 139 So.2d 263 (1st La.App.1962), certiorari denied, June 14, 1962.
In our view the renunciation of the usufruct herein was not a taxable gift within the contemplation of the above quoted statutes. L.R.S. 47:1201 imposes a tax on the transfer of property by gift. No- such transfer occurred in this case. A usufruct terminates by the renunciation of the usufructuary. C.C. Articles 575, 617, 624; A. N. Yiannopoulas, Personal Servi-tudes, § 88 (1968). Upon termination of the usufruct the full ownership of the property is then vested in the naked owner by operation of law. C.C. Article 625. There is no transfer of property as a gift. As aptly stated by the judge a quo in his oral reasons for judgment:
“Here, a purported renunciation is not in favor of anyone and its effect is by operation of law — it does not depend on acceptance by the naked owner.
“Civil Code Article 555 permits the usufructuary to lease the usufruct to another, or even sell or give away his right; but all contracts expire when the usufruct does.
“It is clear that the alienation must be to one other than the naked owner because it contemplates its continued existence; if it would go to the naked owner, the usufruct would expire by ‘confusion’. Civil Code Article 619. Similarly, a renunciation causes the usufruct to expire rather than be transferred. Civil Code Article 624. It does not ‘go’ to someone. The legal effect is that the naked owner becomes full owner and there is no usufruct.” .
Defendant also argues that all of the elements necessary for a donation were present in the instant transaction and contends that this alleged donation of the usu-fruct was a taxable gift. We find no merit in this contention.
In the case of In re Haaf, 52 La.Ann. 249, 26 So. 834 (1899) one co-heir renounced a portion of her inheritance in favor of another co-heir in accordance with the intentions of the decedent. This renunciation was held to lack the essential requisites necessary to be classed as a donation.
Similarly, in the instant case the trial court found the elements of a donation lacking in plaintiff’s renunciation of the *827 usufruct. With this conclusion we agree and quote with approval that portion of the oral reasons for judgment concerning this issue:
“If viewed in the best way for the state, and without so deciding, Mrs. Fies accepted the whole succession due her and then renounced the usufruct. She is entitled to renounce, pure and simple, but the elements of donation are still absent, as follows: 1) there is no ‘thing given’ because the usufruct expires upon renunciation (if there was a renunciation); 2) it is not given ‘in favor of the donee’; by the terms of the authentic act, no recipient or donee is named; 3) a renunciation does not depend on the acceptance of anyone for its effect; it is by law; and 4) there was no intent to donate, since Mrs. Fies believed she never was or would be owner of the usufruct and had nothing to ‘divest herself’ of.”
Accordingly, for the above reasons, the judgment of the district court is affirmed. Defendant is cast for all costs permitted by law.
Affirmed.